**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **STREET SPIRIT IP LLC,** )<br>    **Plaintiff,** )<br> )<br>**v.** )<br> )<br>**MATCH GROUP, INC., dba** )<br>**OKCUPID.COM and TINDER.COM,** )<br>    **Defendant.** ) | **Civil Action No. 6:22-cv-01001**<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Street Spirit IP LLC ("Street Spirit") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 8,850,535 ("the '535 patent") (referred to as the "Patent-in-Suit") by Match Group, Inc. dba OKCupid and TINDER.COM ("Defendant").

**I.   THE PARTIES**

1. Street Spirit IP LLC is a Texas Limited Liability Company with its principal place of business located in Travis County, Texas.

2. On information and belief, Defendant is a corporation organized under the laws of the State of Delaware. Defendant has employees working remotely with company equipment in the Western District of Texas.

3. On information and belief, Defendant sells and offers to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district. Defendant can be served with process through their registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX, 75201, or wherever they may be found.

## II.   JURISDICTION AND VENUE

4.  This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5.  This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

6.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in this District.  Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

## III.   INFRINGEMENT - Infringement of the '535 Patent

7.  On September 30, 2014, U.S. Patent No. 8,850,535 ("the '535 patent", attached as Exhibit A) entitled "Methods and systems for identity verification in a social network using ratings," was duly and legally issued by the U.S. Patent and Trademark Office.  Street Spirit IP LLC owns the '535 patent by assignment.

8.  The '535 patent relates to a novel and improved  identity verification and management for a social network system.

9. Defendant maintains, operates, and administers systems, products, and services for enabling a method of providing customer relationship management for a network that infringes one or more claims of the '535 patent, including one or more of claims 1-44, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '535 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. Support for the allegations of infringement may be found in the charts attached as Exhibit B and Exhibit C. These allegations of infringement are preliminary and are therefore subject to change.

11. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., a method of providing customer relationship management for a network) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1-44 of the '535 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '535 patent and the technology underlying it from at least the issuance of the patent.

12. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., a method of providing customer relationship management for a network) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1-44 of the '535

patent, literally or under the doctrine of equivalents.  Moreover, Defendant has known of the '535 patent and the technology underlying it from at least the issuance of the patent.

13. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '535 patent.

### IV.     JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

### V.      PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.  enter judgment that Defendant has infringed the claims of the '535 patent;

b.  award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.  award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.  declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.  declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.  a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the

Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. award Plaintiff such other and further relief as this Court deems just and proper.

DATED: September 2, 2022                Respectfully submitted,

**Ramey LLP**

/s/William P. Ramey
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com

Jeffrey E. Kubiak
Texas Bar No. 24028470
jkubiak@rameyfirm.com

5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

*Attorneys for STREET SPIRIT IP LLC.*